UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL TRABULSY,**

    **Plaintiff,**

**v.**                                                       **Case No: 8:08-CV-2271-VMC-AEP**

**POLK COMMUNITY COLLEGE,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant, Polk Community College's ("Defendant") **Motion for Bond for Costs, Including Attorney's Fees, on Appeal in a Civil Case** ("Motion") (Dkt. No. 64). Plaintiff, Michael Trabusly ("Plaintiff") filed a Response to Defendant's Motion for Bond (Dkt. No. 67). Without proof that Plaintiff is disabled and a qualified individual under the Americans with Disabilities Act ("ADA"), Plaintiff's bare legal assertions that Defendant discriminated against him are both frivolous and unreasonable to appeal. Therefore, the undersigned recommends that Defendant's Motion be granted, but that the bond be limited to only those foreseeable expenses incurred on appeal.

    **I.** *Factual Background*

Defendant hired Plaintiff on a full-time annual contract to teach Human Development, wherein Plaintiff would have been eligible for tenure after completing three years of satisfactory service. (Dkt. No. 52.) After Plaintiff's first annual contract for the 2004-05 academic year, Plaintiff received a satisfactory evaluation although it was noted that Plaintiff should "become more involved in the college community." *Id.* Following the Spring 2006

semester, Plaintiff's evaluation listed a number of deficiencies, but Plaintiff was extended a third annual contract for the 2006-07 academic year. *Id.* In the Fall 2006 semester, Plaintiff sent a list of his annual goals to Defendant, which Defendant found to be unsatisfactory and suggested revisions. *Id.*

In November 2006, Plaintiff requested and received FMLA leave for outpatient surgery in regards to his cervical spondylosis, degenerative disk disorder, and episodic migraine headaches. *Id.* Plaintiff, through his own testimony, claims that his condition severely limited his ability to think, concentrate, and perform normal cognitive functions. *Id.* However, medical records from the Gulf Coast Orthopedic Center state that Plaintiff underwent "conservative" treatment and that he was independent in his daily living. *Id.* Defendant ultimately decided not to extend tenure nor another annual contract to Plaintiff in March 2006 because Plaintiff's overall performance was not meeting Defendant's standards. *Id.*

**II.** *Standard for Bond for Costs on Appeal*

"In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. Upholding the *Christianburg* standard, the district court may include attorney's fees in the appellate bond if the district court determines that the appeal is likely to be frivolous, unreasonable, or without foundation. *Young v. New Process Steel, LP*, 419 F.3d 1201, 1207-08 (11th Cir. 2005), *citing Christianburg Garment Co. v. Equal Employment*

2

*Opportunity Comm'n*, 434 U.S. 412 (1978). According to the language of Fed. R. App. P. 7, the bond for costs is limited to only those expenses incurred during appeal.

### III.  *Discussion/Analysis*

To establish a prima facie case of disability discrimination under the ADA, a plaintiff must show that (1) he has a disability; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability. *Davis v. Florida Power & Light Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000). Each party is required to carry its respective intermediate evidentiary burdens to avoid an unfavorable judgment as a matter of law and, furthermore, the plaintiff in an ADA discrimination suit bears the ultimate burden of establishing each of these elements. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981).

Upon consideration of summary judgment, the Court concluded that Plaintiff failed to carry his burden of proof to establish that he was disabled and that he was a qualified individual with a disability. (Dkt. No. 52.) Plaintiff alleged that his cervical spondylosis and headaches substantially limited a major life activity; however, the Court discounted Plaintiff's testimony because it was essentially self-serving testimony. *Id.* at 5. Taking the facts in light most favorable to Plaintiff, the record established that Plaintiff's medical conditions were temporary and did not impair any major life activities. *Id.*

Furthermore, the ADA requires Plaintiff to be a qualified individual. Specifically, a qualified individual with a disability must be able to perform the essential functions of the job, with or without a reasonable accommodation. *See* 29 CFR § 1630.2(m). As to this issue, the

Court previously concluded that Plaintiff failed to meet the required employment criteria set forth by Defendant. (Dkt. No. 52.) Because Plaintiff could not complete the essential functions of an instructor, Plaintiff was not a qualified individual under the ADA. *Id.* As a result, the Court granted summary judgment in favor of Defendant. (Dkt. No. 52.)

Plaintiff then filed a Motion for Reconsideration reiterating his previous arguments made during the summary proceedings. (Dkt. No. 55.) The Court denied reconsideration because Plaintiff did not provide any new evidence, a change in the law, or a need to correct clear error or prevent injustice. (Dkt. No. 62.) Without proof that Plaintiff is disabled and a qualified individual, Plaintiff's bare legal assertions that Defendant discriminated against him are both frivolous and unreasonable on appeal.

However, Defendant only may seek a bond for those expenses incurred during appeal. *See* Fed. R. App. P. 7. In its Motion, Defendant requests a bond in the amount of "$30,000 to $40,000, to cover Defendant's prospective costs and attorney's fees, $4,536.02 of which would cover the costs that have already been taxed against Plaintiff." (Dkt. No. 64.) Defendant's inclusion of $4,536.02 for costs that have already been taxed against Plaintiff should be precluded because such expenses are costs incurred in the lower court rather than on appeal.

Accordingly, it is hereby **RECOMMENDED** that:

(1) Defendant's Motion for Bond for Costs, Including Attorney's Fees, on Appeal in a Civil Case (Dkt. No. 64) be **GRANTED**, limited to only those expenses incurred on appeal;

(2) Defendant shall provide an affidavit setting forth the basis for its calculation of the cost bond's total value; and

(3) Defendant's Motion for Entitlement to Attorney's Fees (Dkt. No. 57) be **DENIED WITHOUT PREJUDICE** to its subsequent renewal pending the outcome of the appeal.

**IT IS SO REPORTED** at Tampa, Florida on this 26th day of October, 2010.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc)*.

Copies furnished to:
Hon. Virginia M. Hernandez Covington
Counsel of record