UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL TRABULSY,

        Plaintiff,

v.                            Case No. 8:08-cv-2271-T-33AEP

POLK COMMUNITY COLLEGE,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to the October 26, 2010, Report and Recommendation of Anthony E. Porcelli, United States Magistrate Judge (Doc. # 74), in which Judge Porcelli recommended: (i) that Polk Community College's Motion for Bond for Costs, Including Attorney's Fees, on Appeal in a Civil Case (Doc. # 64) be granted, limited to only those expenses incurred on appeal; (ii) that the College provide an affidavit setting forth the basis for its calculation of the cost bond's total value; and (iii) that the College's Motion for Entitlement to Attorney's Fees (Doc. # 57) be denied without prejudice pending the outcome of the appeal. (Doc. # 74). On November 3, 2010, Plaintiff Michael Trabulsy filed an objection to the Report and Recommendation. (Doc. # 76). The College did not file a response to Mr. Trabulsy's objection.

After careful consideration, the Court adopts the Magistrate Judge's Report and Recommendation; specifically,

Judge Porcelli's recommendation that the College's Motion for Bond for Costs (Doc. # 64) be granted, limited to only those expenses incurred on appeal, and that the College's Motion for Entitlement to Attorney's Fees (Doc. # 57) be denied without prejudice pending the outcome of the appeal.  The Court grants the College's Motion for Bond for Costs (Doc. # 64) and denies without prejudice the College's Motion for Entitlement to Attorney's Fees. (Doc. # 57).

I.  **Legal Standard**

A district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations.  28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions de novo, even in the absence of an objection.  See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

II. **Analysis**

   1.  **Report and Recommendation**

In his Report and Recommendation, Judge Porcelli recommended that the College's Motion for Bond for Costs, Including Attorney's Fees, on Appeal in a Civil Case (Doc. # 64) be granted, limited to only those expenses incurred on appeal and that the College provide an affidavit setting forth the basis for its calculation of the cost bond's total value. (Doc. # 74). Additionally, Judge Porcelli recommended that the College's Motion for Entitlement to Attorney's Fees (Doc. # 57) be denied without prejudice pending the outcome of the appeal. (Doc. # 74).

**2. Objection**

A party seeking to challenge the report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made <u>and</u> the specific basis for [the] objection." <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting <u>Heath v. Jones</u>, 863 F.2d 815, 822 (11th Cir. 1989)(emphasis added)). Mr. Trabulsy's objection contains only one such specific objection to the proposed findings. This Court has conducted a *de novo* review of the portions of the Report and Recommendation which describe the specific finding with which Mr. Trabulsy takes issue, as well as an

independent consideration of the relevant portions of the record. 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673 (1980); Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 513 (11th Cir. 1990).

Pursuant to Federal Rule of Appellate Procedure 7, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." A court may also include attorney's fees in the appellate bond if the court determines that the appeal is likely to be frivolous, unreasonable, or without foundation. Young v. New Process Steel, L.P., 419 F.3d 1201, 1207-08 (11th Cir. 2005) (citing Christianburg Garment Co. v. Equal Emp't Opportunity Comm'n, 434 U.S. 412 (1978)).

Mr. Trabulsy objects to the Magistrate Judge's finding that it is appropriate to include attorney's fees in the bond for costs because "[w]ithout proof that [Mr. Trabulsy] is disabled and a qualified individual under the Americans with Disabilities Act ("ADA"), [Mr. Trabulsy's] bare legal assertions that [Polk Community College] discriminated against him are both frivolous and unreasonable to appeal." (Doc. # 74 at 1). Citing to Wingfield v. South University of Florida, Inc., 2010 WL 2696399 (M.D. Fla. July 6, 2010), Mr. Trabulsy

-4-

argues that in a "nearly identical" situation a district court found that it was inappropriate to grant attorney's fees to the prevailing party where the plaintiff was unable to present legally sufficient evidence of her impairment. Id. at 2. However, the Wingfield Court analyzed whether a prevailing party was entitled to attorney's fees pursuant to 42 U.S.C. § 12205, not whether it was appropriate to include attorney's fees in a bond for costs upon appeal. See id. As such, Wingfield is inapposite. Additionally, Mr. Trabulsy's attempt to rehash arguments regarding the purported evidence of his disability is misplaced at this juncture and fails to allege a basis for the Court to find in Mr. Trabulsy's favor. (Doc. # 76 at 4-9).

Mr. Trabulsy did not address the Magistrate Judge's recommendation that the College's Amended Motion for Attorney's Fees (Doc. # 57) be denied without prejudice pending the outcome of the appeal, or that the College provide an affidavit setting forth the basis for its calculation of the cost bond's total value.

### III. Conclusion

After careful consideration and independent analysis, the Court determines that it is appropriate to adopt Judge Porcelli's recommendation: (i) that the College's Motion for

Bond for Costs, Including Attorney's Fees, on Appeal in a Civil Case (Doc. # 64) be granted, limited to only those expenses incurred on appeal; (ii) that the College provide an affidavit setting forth the basis for its calculation of the cost bond's total value; and (iii) that the College's Motion for Entitlement to Attorney's Fees (Doc. # 57) be denied without prejudice pending the outcome of the appeal. Upon due consideration of the entire record, including the Report and Recommendation, the Court adopts the Report and Recommendation, and overrules the objection thereto.  The College is directed to file an affidavit setting forth the basis of its calculation of the cost bond's total value on or before December 3, 2010.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation of Anthony E. Porcelli, United States Magistrate Judge (Doc. # 74) is **ACCEPTED and ADOPTED.**

(2) Polk Community College's Motion for Bond for Costs, Including Attorney's Fees, on Appeal in a Civil Case (Doc. # 64) is **GRANTED**, limited to only those expenses incurred on appeal.

(3) Polk Community College is directed to file an affidavit setting forth the basis of its calculation of the cost bond's total value on or before December 3, 2010.

(4) Polk Community College's Motion for Entitlement to Attorney's Fees (Doc. # 57) is **DENIED WITHOUT PREJUDICE** pending the outcome of the appeal.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of November, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record